UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:23-cv-00020-JLS-AGR                                Date: September 09, 2024
Title:  I.S. v. Veatree, et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Derek Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING PETITION TO APPROVE COMPROMISE OF MINOR'S CLAIM (Doc. 52)**

Before the Court is an unopposed Petition to Approve Compromise of Minor I.S.'s Claim filed by Plaintiff I.S., by and through his guardians ad litem, Natalie and Inon Shampanier.  (Pet., Doc. 52.)  The Court took this matter under submission, and now GRANTS the Petition for the following reasons.

**I.     BACKGROUND**

Plaintiff initiated this products liability action on August 8, 2022.  (*See* Compl., Doc. 1-1.)  Defendants Amazon.com, Inc., Amazon.com Services LLC, and Amazon Logistics, Inc. (collectively, the "Amazon Defendants") were served with the complaint on December 5, 2022, and removed the action to federal court on January 3, 2023, invoking this Court's diversity jurisdiction.  (*See* Notice of Removal ("NOR") ¶¶ 1–2, Doc. 1.)

Plaintiff alleges that his parents, Natalie and Inon Shampanier, purchased a Veatree Magnetic Stick 3D Puzzle from the Amazon Defendants and that Plaintiff was seriously injured after he ingested the magnets contained within the toy.  (Compl. ¶¶ 5, 9.)  Plaintiff had to have the magnets surgically removed.  (*Id.* ¶ 10.)  In addition to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-00020-JLS-AGR                               Date: September 09, 2024
Title:  I.S. v. Veatree, et al.

Amazon Defendants, Plaintiff also named Veatree, Vlinkee.com, LLC, and Blinkee.com, LLC, as Defendants and alleged that those Defendants were involved in the manufacture and supply of the magnet toy.  (*Id.* ¶¶ 1–2.)  Defendant Vlinkee was never served and likely does not exist; Defendant Blinkee was served and then voluntarily dismissed from the action.  (*See* NOR ¶¶ 10–14; Notice of Dismissal, Doc. 33.)  Plaintiff made several attempts to serve Defendant Veatree, a foreign corporation, in accordance with the Hague Convention but service was unsuccessful.  (Shea Decl. ¶ 16, Doc. 52-1.)

Plaintiff has now reached a settlement with the Amazon Defendants and, since Plaintiff is a minor, seeks approval of the settlement agreement.  (*See* Pet.)  The terms of the settlement are confidential and are redacted where referenced in the publicly available version of this Order.  (*See* Ex. 1 to Shea Decl., Settlement Agreement, Doc. 52-2.)

On August 8, 2024, the Court ordered supplemental briefing.  (*See* Order re Supp. Briefing, Doc. 53.)  Noting that "[f]ees in minors' cases have historically been limited to 25% of the gross recovery," *see Star & Crescent Boat Co. v. L.M. ex rel. Martinez*, 2021 WL 4843822, at *6 (S.D. Cal. Oct. 18, 2021), the Court asked Plaintiff's Counsel to submit billing records so that the Court could better ascertain whether a departure from the 25% benchmark was warranted, (*see* Order re Supp. Briefing at 1–2).  The Court also explained that, in addition to contemporaneous billing records, Plaintiff's Counsel could submit a supplemental brief explaining and justifying the hours and rates sought.  (*Id.* at 2.)  Plaintiff's Counsel timely responded.  But the response included only a supplemental declaration; no billing records were submitted.  (Supp. Shea Decl., Doc. 54.)

**II.     LEGAL STANDARD**

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors."  *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).  The district court "must independently investigate

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:23-cv-00020-JLS-AGR | Date: September 09, 2024 |
| Title:  I.S. v. Veatree, et al. | |

and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (citation omitted).  The Ninth Circuit has set forth a standard for evaluating minor compromises of federal claims, emphasizing that it should be an "independent, not a comparative, inquiry" that focuses on whether the minor plaintiff's net settlement is "fair and reasonable in light of the facts of the case, each minor's claims, and typical recovery by minor plaintiffs in similar cases …, regardless of the amount the parties agree to designate for adult co-plaintiffs and attorney's fees." *Robidoux*, 638 F.3d at 1182.  However, the Ninth Circuit declined to "express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims." *Id.* at 1179 n.2.

Some district courts have applied the *Robidoux* standard while sitting in diversity, while some have not. *See S.C. v. Alaska Airlines, Inc.*, 2021 WL 3080631, at *2 n.1 (C.D. Cal. July 20, 2021) (collecting cases).  Often courts find that it is not necessary to decide because the outcome would be the same under either the *Robidoux* standard or California law.  *See, e.g.*, *Star & Crescent Boat*, 2021 WL 4843822, at *3.  "Under California law, the Court is to evaluate the reasonableness of the settlement and determine whether the compromise is in the best interests of the minor." *A.M.L. v. Cernaianu*, 2014 WL 12588992, at *3 (C.D. Cal. Apr. 1, 2014); *see also Pearson v. Superior Court*, 202 Cal. App. 4th 1333, 1338 (2012).  The court's "primary concern is whether the compromise is sufficient to provide for the minor's injuries, care and treatment." *Goldberg v. Superior Court*, 23 Cal. App. 4th 1378, 1382 (1994).

**III.   ANALYSIS**

The Court finds that the proposed compromise of I.S.'s claims warrants approval under either the *Robidoux* standard or under California law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-00020-JLS-AGR                                             Date: September 09, 2024
Title:  I.S. v. Veatree, et al.

First, the Court considers the reasonableness of the attorneys' fees designated in the settlement.  Plaintiff's Counsel seeks a fee award of 35% of the total settlement amount, which amounts to ▓▓▓▓▓▓.  (Pet. at 10.)  As the Court explained in its Order requiring supplemental briefing, "[f]ees in minors' cases have historically been limited to 25% of the gross recovery."  *Star & Crescent Boat*, 2021 WL 4843822, at *6.  Therefore, the Court gave Plaintiff's Counsel the opportunity to justify a departure from the 25% limit by submitting billing records.  (*See* Order re Supp. Briefing at 1–2.)  Plaintiff's Counsel did not comply with Court's Order and instead submitted a supplemental declaration stating that, because Plaintiff's Counsel works on a contingency fee basis, "Counsel does not regularly maintain billing records indicating the time spent on various tasks."  (Supp. Shea Decl. ¶ 4.)

The Court does not condone this failure to comply with its Orders.  However, because California courts have begun to abandon the 25% benchmark when approving compromises of minors' claims, this Court finds it necessary to rethink its reliance on that benchmark and instead evaluate the size of the requested fee award under California Rules of Court, Rule 7.955.  *See Schulz v. Jeppesen Sanderson, Inc.*, 27 Cal. App. 5th 1167, 1175 (2018) ("[R]ule 7.955 does not dictate a presumptively reasonable percentage or mathematical method of determining the appropriate attorney fees under a contingency agreement.  Indeed, in adopting the rule, the Judicial Council explicitly preempted local rules regarding attorney fees for minors, many of which had established a baseline recovery of 25 percent.").

Rule 7.955(b) instructs the Court to consider several factors to determine a reasonable fee:

(1)  The fact that a minor or person with a disability is involved and the circumstances of that minor or person with a disability.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-00020-JLS-AGR                                    Date: September 09, 2024
Title:  I.S. v. Veatree, et al.

(2)  The amount of the fee in proportion to the value of the services performed.
(3)  The novelty and difficulty of the questions involved and the skill required to perform the legal services properly.
(4)  The amount involved and the results obtained.
(5)  The time limitations or constraints imposed by the representative of the minor or person with a disability or by the circumstances.
(6)  The nature and length of the professional relationship between the attorney and the representative of the minor or person with a disability.
(7)  The experience, reputation, and ability of the attorney or attorneys performing the legal services.
(8)  The time and labor required.
(9)  The informed consent of the representative of the minor or person with a disability to the fee.
(10)  The relative sophistication of the attorney and the representative of the minor or person with a disability.
(11)  The likelihood, if apparent to the representative of the minor or person with a disability when the representation agreement was made, that the attorney's acceptance of the particular employment would preclude other employment.
(12)  Whether the fee is fixed, hourly, or contingent.
(13)  If the fee is contingent:
   (A)  The risk of loss borne by the attorney;
   (B)  The amount of costs advanced by the attorney; and
   (C)  The delay in payment of fees and reimbursement of costs paid by the attorney.
(14)  Statutory requirements for representation agreements applicable to particular cases or claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-00020-JLS-AGR                                          Date: September 09, 2024
Title:  I.S. v. Veatree, et al.

Cal. Rules of Court, R. 7.955(b).

      Under these factors, the Court approves the requested 35% contingency fee. Although Plaintiff's Counsel's failure to provide estimates of their billable time makes it difficult to evaluate some of these factors, such as "[t]he amount of the fee in proportion to the value of the services performed," the Court concludes that overall, the factors warrant approval.  First, while billing records were not provided, counsel identified categories of work they did, including considerable discovery, motion practice, and mediation, amounting to hundreds of hours of work over the course of approximately two years.  (Supp. Shea Decl. ¶ 5.)  Second, Counsel obtained a very favorable result, and estimate that they secured a "verdict value or more" while eliminating the risk of trial, which provides significant relief to Plaintiff.  (Shea Decl. ¶¶ 16–17.)  Further, Counsel represented Plaintiff and had close contact with Plaintiff's parents in the course of that representation, which lasted for over two years.  (*Id.* ¶ 18.)  Counsel add that their firm, Panish Shea Ravipudi LLP is a well-respected personal injury firm and Counsel have procured several multimillion dollar settlements and verdicts.  (*Id.* ¶ 19.)  Plaintiff's parents, as guardians ad litem, also knowingly consented to the 35% contingency fee when they retained Counsel and reiterated their agreement to have that fee awarded to Counsel.  (*Id.* ¶¶ 20–21; Supp. Shea Decl. ¶ 6.)  Finally, the Court notes that, because Counsel arranged for a contingency fee, they advanced all the costs of litigation—here, ▇▇▇▇▇—at their own risk and forewent payment for their services for two years of litigation.  (Shea Decl. ¶¶ 23–24.)

      As a result, the Court GRANTS Plaintiff's Counsel's request for a fee award of 35% of the settlement amount.

      Having determined that the requested attorneys' fees are appropriate, the Court finds the proposed settlement to be fair and reasonable.  Plaintiff's net recovery of ▇▇▇▇▇▇▇ is substantial and permits Plaintiff to pay off an outstanding medical lien in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-00020-JLS-AGR                  Date: September 09, 2024
Title: I.S. v. Veatree, et al.

full. (Pet. at 5.) The Court cannot readily compare Plaintiff's recovery to the typical recovery of other minor plaintiffs in similar cases because Plaintiff did not provide the court with settlements reached in comparable cases. (*See* Pet. at 7–8.)[1] But based on the nature of Plaintiff's claims, the fact that Plaintiff was forced to seek liability against only the Amazon Defendants due to the inability to serve the other Defendants in the supply chain, and the fact that the settlement was achieved through a successful mediation in front of a neutral mediator, the Court concludes that the net recovery reflects a settlement that is in Plaintiff's best interest. (*See* Shea Decl. ¶¶ 14, 16.)

The Court also finds the method of disbursement to be fair and reasonable. The settlement provides that ▮▮▮▮▮ of Plaintiff's net recovery will be placed in a structured settlement annuity; ▮▮▮▮▮. (Pet. at 6; Ex. 2 to Shea Decl., Confirmation of Structured Settlement Annuity, Doc. 52-3.) ▮▮▮▮▮ will be placed in a special needs trust ▮▮▮▮▮. (Pet. at 6; Ex. 3 to Shea Decl., I.S. Supplemental Needs Trust, Doc. 52-4.) This method of distribution also complies with California law. *See* Cal. Prob. Code § 3602(c)(1) & (d).[2]

---

[1] Plaintiff did provide a series of approved minor compromises from state court. (*See* Shea Decl. ¶ 26; Ex. 5 to Shea Decl., Doc. 52-6.) But these approved compromises do not provide meaningful comparison points. The recoveries range from $39.5 million to $1.75 million, and none feature facts or settlement amounts that are analogous to Plaintiff's case. (*See id.*) It appears that Plaintiff provided these approved settlements to justify the requested attorneys' fees, and not to justify the amount recovered in settlement. (*See* Shea Decl. ¶ 26.)

[2] ▮▮▮▮▮ Plaintiff is therefore a minor with a "disability that substantially impairs [his] ability to provide for [his] own care or custody

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-00020-JLS-AGR                      Date: September 09, 2024
Title: I.S. v. Veatree, et al.

The Court approves this compromise of a minor's claims.

## IV. CONCLUSION

For the above reasons, the Court GRANTS Plaintiff's Petition to Approve Compromise of Minor's Claims. Accordingly, it is hereby ordered that:

- Defendant shall prepare and deliver the settlement funds, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████

- Upon receipt of the settlement funds, Plaintiff's Counsel shall satisfy the outstanding medical lien of ███████████████████████████████████████, withdraw ████████ to satisfy litigation costs, withdraw ████████ to satisfy attorneys' fees, and place ████████  ███████████████████████████████████████████████

- For purposes of payments, the Court approves that the payee identified in Exhibits 1, 2, and 3 to the Declaration of Adam Shea will be designated as ███████████████████████████████████████.

- Within forty-five (45) days of receipt of settlement funds from Defendant, Plaintiff's Counsel shall file under seal proof to the Court that the monies

---

and constitutes a substantial handicap," and the requirements for establishing a special needs trust are met. Cal. Prob. Code § 3604(b)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-00020-JLS-AGR                    Date: September 09, 2024
Title:  I.S. v. Veatree, et al.

were deposited into the annuity and special needs trust for the benefit of the minor with an accompanying declaration from Plaintiff's Counsel.

- Within sixty (60) days of the entry of this Order, the parties shall file a stipulated dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

Initials of Deputy Clerk: dd